IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL NÚÑEZ COLÓN, ET AL.

    Plaintiffs

    v.

PEDRO TOLEDO DÁVILA, ET AL.

    Defendants

CIVIL NO.: 06-2060 (GAG/MEL)

**OPINION AND ORDER**

**I. PROCEDURAL BACKGROUND**

On February 19, 2007, plaintiffs filed an amended complaint against: (1) Pedro Toledo Dávila ("Toledo-Dávila"); (2) Joel González Ramos ("González"); (3) Miguel Figueroa ("Figueroa"); (4) Janice Rodríguez Collado; (5) José Alago Feliciano ("Alago"); (6) Gabriel Arenas Horta ("Arenas"); (7) Wilfrancis Vidro González; (8) Roddy Y. Coriano Velázquez ("Coriano"); (9) Juan Gerardo Pagán; (10) Nelson Fonseca Rosa ("Fonseca"); (11) Enrique Lugo Quiles ("Lugo"); (12) Augustín Cancel; (13) José Arrocho Soto; (14) the Puerto Rico Police Department ("PRPD"); and (15) the Puerto Rico Department of Justice ("PRDJ"). (Docket 46 at ¶¶ 4-21, 128-50.) The complaint alleged claims pursuant to 42 U.S.C. § 1983 ("Section 1983") on the basis of the following constitutional violations: (1) a wrongful arrest under the Fourth Amendment; (2) malicious prosecution under the Fourth Amendment; (3) retaliation for conduct protected by the First Amendment; and (4) a violation of due process under the Fourteenth Amendment. Id. at 128-50. The complaint also alleged state law claims for defamation and malicious prosecution. Id.

On August 23, 2007, the court granted defendants' unopposed motion to dismiss, (Docket 92), as to all claims against Arenas and Fonseca. (Docket 97.) On November 17, 2008, the court ruled on defendants' motion for summary judgment, (Docket 116), and granted the motion only with respect to

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

Lugo. (Docket 166.) The court denied the motion with respect to all other co-defendants. (Docket 166.)

On April 15, 2009, the court ordered plaintiffs to show cause no later than April 17, 2009, as to why any claims pursuant to 42 U.S.C. § 1983 (2000) ("Section 1983") against the PRPD and the PRDJ should not be dismissed. (Docket 215.) In view that plaintiffs did not respond to the court's order, on April 22, 2009, the court dismissed all Section 1983 claims against PRPD and PRDJ. (Docket 227.)

On April 18, 2009, defendants filed another motion to dismiss arguing that a recent decision by the Puerto Rico Court of Appeals was a final judgment, on the merits, and actually litigated by the parties such that it would have preclusive effect in the present case, as either claim preclusion or issue preclusion. (Docket 216 at 17-18.) Defendants argue that this preclusive effect mandates dismissal of all claims in plaintiffs' complaint. (Docket 216 at 18-19.) On April 21, 2009, plaintiffs filed their opposition to the motion to dismiss arguing that the Puerto Rico Court of Appeals decision did not satisfy the requirements under Puerto Rico law to have preclusive effect in the present litigation. (Docket 225.)

**II.    LEGAL ANALYSIS**

**A. Motion to Dismiss Standard**

Although defendants frame their motion to dismiss in jurisdictional terms, (See Docket 216), preclusion is not a jurisdictional issue. Coors Brewing Co. v. Mendez-Torres, ___ F.3d ___, 2009 WL 806888, at *1 (1st Cir. Mar. 30, 2009). "[I]t is an affirmative defense, which 'can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.'" Id. (citing SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008)). For the purposes of considering a motion to dismiss based on preclusion, "the

2

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

court may take into account the record in the original action." See Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citing R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 183-84 (1st Cir. 2006); Boateng v. InterAm. Univ., 210 F.3d 56, 60 (1st Cir. 2000)).

**B. The Puerto Rico Court of Appeals Decision**

On October 29, 2008, the Puerto Rico Court of Appeals considered the decision of the Comisión de Investigación, Procesamiento y Apelación ("CIPA"), which affirmed the expulsion of Núñez-Colón by the Superintendent of the PRPD for the commission of conduct prohibited by the PRPD's regulations. (Docket 224-4 at 3.) The Puerto Rico Court of Appeals summarized the conclusions of fact made by CIPA, including the following: (1) a search of Wanda Serrano's ("Serrano") house was instigated by Miguel Núñez-Colón ("Núñez-Colón"), who informed Figueroa that a dangerous fugitive was located there; (2) upon being questioned as to whether she kept valuables in the house, Serrano informed Figueroa that she kept cash in a supermarket bag; (3) when Serrano went to look for the case, it was not there; (4) Núñez-Colón returned to Serrano's house the following day and returned $600 in cash to her, claiming that he had removed it during the search and asking her for a receipt for the money's return; (5) as a result of a "complaint for illegal appropriation" the Criminal Investigations Bureau began an investigation of the incident, conducted by González; (6) González interviewed Figueroa, Coriano, and Núñez-Colón; (7) Núñez-Colón admitted to González that he had seized the money and took it home by mistake because the evidence room was not available and there was not a supervisor to which he could give the money; (8) González interviewed Serrano, who confirmed that Nuñez had given her back the money that had disappeared during the search; (9) Coriano "assured that while the officers searched Serrano's home, he heard Nuñez ask Alago what [he] should do with the money; (10) after consulting with González, the district attorney filed a complaint for "illegal

3

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

appropriation, in its most serious modality, and a magistrate found probable cause;" (11) Núñez-Colón was later acquitted of these criminal charges; (12) the Superintendent of the PRPD terminated Núñez-Colón "after concluding that he had illegally appropriated money that belonged to a citizen with whom he had intervened on the day of the events." (Docket 224-4 at 4-6.)

The administrative appeal determined that Núñez-Colón had violated two PRPD regulations, that appear as follows:

> Serious offense #24: Illegally appropriating articles that belong to other people or that have been entrusted to him/her in the course of his/her duties.
>
> Serious offense # 27: Exhibiting harmful, immoral or disorderly conduct in detriment of the Police Department.

(Docket 224-4 at 6.) The Puerto Rico Court of Appeals concluded that both charges had been proven during the administrative proceedings and that Núñez-Colón's dismissal was justified. (Docket 224-4 at 6-9.) The Puerto Rico Court of Appeals stated that "[t]he evidence submitted before the CIPA allows us to conclude that [Núñez-Colón] was responsible for the illegal appropriation of the money." (Docket 224-4 at 6.) The court further stated that "[t]he money was not connected to any illegal activity; therefore it should not have been seized . . . [u]nder no circumstances was [Núñez-Colón] supposed to keep the money in question and take it home with him." (Docket 224-4 at 6.)

**C. Issue Preclusion under Puerto Rico Law**

"To determine the preclusive effect to be given in this court to a judgment rendered by a Commonwealth court, the court must look to Puerto Rico law." Cruz-Berrios v. Gonzalez-Rosario, 577 F. Supp. 2d 561, 563 (D.P.R. 2008) (citing 28 U.S.C. § 1738; Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000)). Under Puerto Rico law, issue preclusion is governed by P.R. LAWS ANN. tit. 31, § 3342, which states:

4

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

> In order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

Although the statute only appears to specifically address *res judicata*, or claim preclusion, it has been interpreted to allow issue preclusion as well. Baez-Cruz, et al. v. Municipality of Comerio, et al., 140 F.3d 24, 28 (1st Cir. 1998) (citing Texaco Puerto Rico, Inc. v. Medina, 834 F.2d 242, 245-46 (1st Cir. 1987)). "[T]he Supreme Court of Puerto Rico has held that when an issue 'essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties.'" Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000) (quoting Felix Davis v. Vieques Air Link, 892 F.2d 1122, 1124-25 (1st Cir. 1990)). "The rules of preclusion apply equally to judicially reviewed administrative agency decisions." Moron-Barradas v. Dept. of Educ. of P.R., 488 F.3d 472, 479 (1st Cir. 2007).

The court finds that the Puerto Rico Court of Appeals decision precludes plaintiffs from arguing that co-plaintiff Núñez-Colón's dismissal was not justified or that Núñez-Colón did not illegally appropriate money. (See Docket 224-4 at 6-9.) It appears that Núñez-Colón actually litigated the issues of his dismissal and whether he illegally appropriated property as he pursued the appeals process through CIPA and the Puerto Rico Court of Appeals represented by counsel. (See Docket 224-2; Docket 224-4.) Also, it appears that the Puerto Rico Court of Appeals decision is final because it was issued October 29, 2008, and there is no suggestion in the record that plaintiff has petitioned for certiorari to the Puerto Rico Supreme Court. (See Docket 216-6 at 3.) Furthermore, the conclusions that Núñez-Colón's dismissal was justified and that he illegally appropriated property are essential to the Court of Appeals decision affirming PRPD's disciplinary action on the basis of a rule prohibiting illegal

5

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

appropriation of property. The court proceeds to plaintiff's specific arguments against the application of issue preclusion in the present case.[1]

**1. Full and Fair Opportunity to Litigate**

Co-plaintiff Núñez-Colón contends that he was not provided with a full and fair opportunity to litigate during the administrative proceedings because he was not able to conduct discovery at the administrative level. (Docket 225 at 4.) An administrative hearing, however, need not mirror every procedural aspect of a trial in order to comply with this element. To be given a full and fair opportunity to litigate, "'state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" Baez-Cruz, et al., 140 F.3d at 30 (citing Kremer v. Chemical Const. Corp., 456 U.S. 461, 481 (1982)). Although plaintiffs submit PRPD administrative regulations that do not seem to specifically authorize discovery for an administrative hearing, the regulations do allow a police officer to be accompanied by an attorney and present evidence in his favor during a hearing before an examining officer. (Docket 118-5 at 3.) Furthermore, Núñez-Colón had the right to appeal the administrative decision to the CIPA, as well as appeal CIPA's decision to the Puerto Rico Court of Appeals. (See Docket 118-5 at 4; Docket 224-2; Docket 224-4.) The right to present evidence, the opportunity to be represented by an attorney, and the right to administrative and judicial appeal appear to satisfy the minimum procedural requirements of the Due Process Clause of the

---

[1] Plaintiff also proffers three objections that do not merit independent consideration: (1) defendants' motion is untimely; (2) Puerto Rico courts would not give the administrative ruling preclusive effect; and (3) there is not a perfect identity between causes. (See Docket 225 at 1-3, 5.) First, defendants preserved the affirmative defenses of claim and issue preclusion in their answer to the complaint, (Docket 52 at ¶ 13), and plaintiffs have been aware of the possibility of this defense due to Núñez-Colón's active participation in the administrative decision and its subsequent appeals. Second, Puerto Rico law applies preclusive effect to judicially reviewed administrative decisions. Moron-Barradas, 488 F.3d at 479. Third, "[t]he Supreme Court of Puerto Rico has . . . stated that identity of causes is unnecessary when the defense is one of issue preclusion." Baez-Cruz, et al., 140 F.3d at 30 (citing A & P Gen. Contractors v. Asociación Caná, Inc., 10 P.R. Offic. Trans. 987, 996 (P.R. 1981)).

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

Fourteenth Amendment. See Sanchez-Nuñez v. P.R. Elec. Power Auth., et al., 509 F. Supp. 2d 137, 150 (D.P.R. 2007).

**2. Identity of the Parties**

Plaintiffs claims that issue preclusion is not applicable in this case because there is not a perfect identity of the parties between the administrative action and its appeals and the present action. (Docket 225 at 9.) Plaintiffs specifically argue that the wife and children of Núñez-Colón, who are plaintiffs in the present case, were not parties in the administrative action and the decision of the Puerto Rico Court of Appeals. The court finds, however, that there is sufficient identity between parties, at least with regard to Núñez-Colón's dismissal and illegal appropriation, to find that litigation of these issues is precluded in the present litigation.

The First Circuit has stated that despite the strict wording of that statute with regard to "most perfect identity" between parties, "the Puerto Rico courts do not read the requirement literally." Baez-Cruz, et al., 140 F.3d at 29. Furthermore, the same statute also states that:

> It is understood that there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among those having a right to demand them, or the obligation to satisfy the same.

P.R. LAWS ANN. tit. 31, § 3343.

In Baez-Cruz, et al. v. Municipality of Comerio, et al., 140 F.3d 24, 28 (1st Cir. 1998), the First Circuit held that issue preclusion could be effective "against a plaintiff who adds defendants in the second action." Id. (citing Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43 (1st Cir. 1985); Republic Sec. Corp. v P.R. Aqueduct and Sewer Auth., 674 F.2d. 952, 955-56 (1st Cir. 1982)). Baez-Cruz, et al. involved municipal employees, a municipal employee's spouse, and their conjugal partnership bringing

7

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

a Section 1983 political discrimination claim against a municipality and its officers. Id. at 29-30. The municipal employees alone had previously brought an administrative action challenging the legality of their dismissal solely against the municipality alone, which had been ultimately decided in favor of the municipality by the Puerto Rico Supreme Court. Id. at 27-28. The First Circuit held that "[t]he municipality and its officers share[d], in the words of § 3343, the 'obligation to satisfy the same [claim]'" which was "sufficient to allow preclusion." Id. at 30. The court concluded that the additional parties did not defeat preclusion and due to the active participation by the municipal employees in the administrative proceedings and subsequent appeals, "their own addition of the officer defendants will not defeat the defense of collateral estoppel by judgment." Id.

In the present case, the addition of Núñez-Colón's wife and children as plaintiffs does not defeat issue preclusion. Co-plaintiffs Yazmin Irizarry Cruz, Doreingelly Nuñez Irizarry, and Tsunami Marjani Nuñez Irizarry clearly lack standing to assert Section 1983 claims on the basis of Núñez-Colón's dismissal from the PRPD, with the exception of plaintiffs' claim of First Amendment retaliation for the filing of the present action. See Sanchez-Nuñez, 509 F. Supp. 2d at 151 (holding that a wife lacked standing to sue under Section 1983 for violations to her husband's constitutional rights). Even considering the First Amendment retaliation claim and the state law claims, the claims by Núñez-Colón's wife and children seem to be based on damages ancillary to Núñez-Colón's dismissal. The addition of these co-plaintiffs in the present litigation does not create any concerns that were not addressed in the previous litigation without their participation. Therefore, Núñez-Colón's actual litigation of the administrative action and its appeals regarding the justification of his dismissal and illegal appropriation of property suffices for the identity between parties with regard to plaintiffs. See Baez-Cruz, et al., 140 F.3d at 29-30.

8

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

With regard to defendants, the PRPD, who participated in the previous litigation, is still a party to plaintiffs' state law claims. (See Docket 46 at ¶ 17; Docket 224-2; Docket 227.) Furthermore, Toledo-Dávila is a defendant in his official capacity as Superintendent of the PRPD with regard to the Section 1983 and state law claims. (See Docket 46 at ¶ 4.)[2] Because either the PRPD or Toledo-Dávila in his official capacity as Superintendent of the PRPD are defendants to all claims remaining in the present action, the other defendants "share an obligation to satisfy the same [claim]" with a party who "litigated in the preceding suit." See Baez-Cruz, et al., 140 F.3d at 29; P.R. LAWS ANN. tit. 31, § 3343. Therefore, there is sufficient identity of the parties between the preceding litigation and the present litigation to apply issue preclusion with regard to the Núñez-Colón's illegal appropriation of property and the justification of his dismissal.

**D. Effect of Issue Preclusion on Substantive Claims**

**1. First Amendment Retaliation**

In order to prevail on a Section 1983 claim of retaliation for First Amendment activity under the legal standard enunciated in Mt. Healthy City Sch. Dist Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977), a plaintiff must first "show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' or . . . a 'motivating factor'" for the defendant's retaliatory decision. Id.; Gagliardi v. Sullivan, 513 F.3d 301, 306-07 (1st Cir. 2008). If the plaintiff meets this burden, the defendant may then avoid a finding of liability by showing that "it would have reached the same decision . . . even in the absence of the protected conduct." Id.; Gagliardi, 513 F.3d at 306-07.

In the present case, plaintiffs allege that Núñez-Colón was fired in retaliation for filing the

---

[2] An "official capacity suit is, in reality, a suit against the governmental entity, [and] not against the governmental actor." Nereida González v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993).

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

present complaint. (Docket 46 at ¶¶ 140-43.) Even assuming that plaintiffs can satisfy the requirements to establish retaliation for constitutionally protected conduct, including the additional requirements for public employees, the decision of the Court of Appeals precludes plaintiffs from succeeding on this claim. See Mt. Healthy City Sch. Dist Bd. of Educ., 429 U.S. at 287; Gagliardi, 513 F.3d at 306-07. The Puerto Rico Court of Appeals' conclusion that Núñez-Colón's dismissal was justified, in conjunction with its conclusion that Núñez-Colón illegally appropriated property, allows defendants to "avoid liability by showing that [the PRPD] would have reached the same decision . . . even in the absence of [plaintiff's filing of the present complaint]." See Mt. Healthy City Sch. Dist Bd. of Educ., 429 U.S. at 287; Gagliardi, 513 F.3d at 306-07. Because the Puerto Rico Court of Appeals concluded that Núñez-Colón's dismissal was justified, and plaintiffs are thus precluded from litigating the issue in the present action, the court can conclude that Núñez-Colón would have been discharged regardless of filing the complaint in the present action. Therefore, the motion to dismiss is hereby GRANTED as to plaintiffs' First Amendment retaliation claim.

**2. Fourth Amendment Claims**

Both Fourth Amendment claims for wrongful arrest and malicious prosecution require a lack of probable cause. See Aponte Matos v. Toledo Dávila, 135 F.3d 182, 187 (1st Cir. 1998); McLeod-Lopez v. Algarin, ___ F. Supp. 2d ___, 2009 WL 736118, at *10 n.3 (D.P.R. Mar. 23, 2009) (citing Meehan v. Town of Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999)). Neither party has presented the court with allegations or evidence that specifies the actual criminal charge for which Núñez-Colón was arrested and prosecuted. Without the specific criminal charge and its elements, the court cannot determine the effect of the Puerto Rico Court of Appeals' decision that Núñez-Colón illegally appropriated property on the existence of probable cause for the arrest and prosecution. Therefore, the

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

motion to dismiss is DENIED as to plaintiffs' Fourth Amendment claims.

### 3. Fourteenth Amendment Due Process Claims

From the allegations in the complaint and the court documents submitted in connection with the present motion to dismiss, (Docket 216), it appears that Núñez-Colón had an administrative hearing on August 16, 2006 prior to the termination of his employment, (Docket 46 at ¶ 122), a post-termination administrative appeal, (Docket 224-2), followed by a judicial appeal to the Puerto Rico Court of Appeals, (Docket 224-4). Even assuming, *arguendo*, that Núñez-Colón has a property interest in his employment, it seems that the due process requirements of the Fourteenth Amendment have been satisfied with regard to his dismissal. See Acevedo-Feliciano v. Ruiz-Hernandez, 447 F.3d 115, 121 (1st Cir. 2006). Therefore, the motion to dismiss with regard to any Fourteenth Amendment claim based on the Núñez-Colón's dismissal is hereby GRANTED. Plaintiffs' Fourteenth Amendment claims at trial shall be limited to Núñez-Colón's alleged suspension without pay.

### 4. State Law Claims

Under Puerto Rico law, a malicious prosecution claim requires a lack of probable cause. Gonzalez-Rucci v. U.S. Immigration and Naturalization Serv., 539 F.3d 66, 69 (1st Cir. 2008). Therefore, for the same reasons outlined with regard to plaintiffs' Fourth Amendment claims, the motion to dismiss as to plaintiffs' malicious prosecution claim is hereby DENIED.

Plaintiff's Puerto Rico law defamation claim requires the publication of false information. MVM Inc. v. Rodriguez, 568 F. Supp. 2d 158, 168 (D.P.R. 2008). The issues precluded by the Puerto Rico Court of Appeals' decision reveal several statements alleged to be false by plaintiffs to be true, such as statements that Núñez-Colón illegally appropriated money. (See Docket 46 at ¶¶ 58, 61.) Other statements alleged to be false by plaintiffs remain unaffected, such as statements that Núñez-Colón

11

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

forced the door of Serrano's residence open. (See Docket 46 at ¶¶ 64-65, 68, 71.) Therefore, the motion to dismiss as to plaintiff's Puerto Rico law defamation claim is hereby DENIED. Plaintiffs' defamation claim, however, cannot be based on statements that concern the issues precluded by the Puerto Rico Court of Appeals decision.

### III. CONCLUSION

For the reasons explained above, the motion to dismiss, (Docket 216), is hereby GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23nd day of April, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE