IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL NUÑEZ COLÓN, ET AL.<br><br>Plaintiffs<br><br>v.<br><br>PEDRO TOLEDO DÁVILA, ET AL.<br><br>Defendants | CIVIL NO.: 06-2060 (GAG/MEL) |

**OPINION AND ORDER**

**I. Procedural Background**

On April 23, 2009, the court issued an opinion and order stating, *inter alia*, that the effect of the issues precluded by the Puerto Rico Court of Appeals decision, (Docket 224-4), on plaintiffs' Fourth Amendment claims and Puerto Rico law malicious prosecution claim could not be determined because the court lacked specific information as to the criminal charge for which Núñez-Colón was arrested and prosecuted. (Docket 242 at 10.) On April 24, 2009, defendants filed a motion for reconsideration in conjunction with a copy of Núñez-Colón's criminal complaint and the statutory provision of the crime charged. (Docket 243.) On April 27, 2009, counsel for both parties appeared before the court prior to jury selection to express their positions as to the preclusive effect of the Court of Appeals decision. Defendants reiterated their argument that the preclusive effect should extend to plaintiffs' Section 1983 claims based on the Fourth Amendment. Plaintiffs argued that the court should reconsider its previous order and decide that there is no preclusive effect in the present litigation as to any First, Fourth, and Fourteenth Amendment claims. Both sides agreed that the Puerto Rico Police Department ("PRPD") and the Puerto Rico Department of Justice ("PRDJ") are not defendants for the state law claims, and therefore are no longer defendants for the present

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

case.[1]

## II. Legal Analysis

### A. Plaintiffs' Objections to the Application of Preclusive Effect

Plaintiffs have claimed, both in the opposition to defendants' motion to dismiss and before the court, that Puerto Rico law has established an exception to *res judicata* where matters pertaining to constitutional rights are involved. While it is true that the Puerto Rico Supreme Court has created an exception to *res judicata* 'whenever its application would defeat the ends of justice, [e]specially in the presence of public policy considerations,'" alleging the violation of a constitutional right is not necessarily sufficient to invoke this exception. Pagán Hernández v. University of P.R., 7 P.R. Offic. Trans. 795 (P.R. 1978).[2] The Puerto Rico Supreme Court has stated that the particular circumstances of each case would be determinative as to whether the exception to *res judicata* would apply. Id.

Turning now to the controversy at hand, aside from the complaint alleging violations to Núñez-Colón's constitutional rights, there is no further indication that the present case is "permeated by considerations of public policy" such that the Puerto Rico Court of Appeals decision should not be given effect. See Id. Furthermore, unlike Pagán Hernández v. University of P.R., 7 P.R. Offic. Trans. 795 (P.R. 1978), the doctrine to be applied in the present case is issue preclusion, not *res judicata*. Plaintiffs are only precluded from litigating certain issues previously determined by the

---

[1] PRPD Superintendent Toledo-Dávila, however, remains as a defendant in his personal and official capacity.

[2] It should be noted that many of the cases cited by plaintiffs in the opposition to defendants' motion to dismiss were untranslated cases in the Spanish language, which could not be considered by the court in making this decision. (See Docket 225.)

2

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

Puerto Rico Court of Appeals. Therefore, the court finds plaintiffs' argument unpersuasive and proceeds to further examine the preclusive effect of the Puerto Rico Court of Appeals decision.

**B. The Extension of Preclusive Effect to the Fourth Amendment Claims**

**1. Fourth Amendment Claims**

The criminal complaint submitted by defendants indicates that Núñez-Colón was charged with Article 193 of the Puerto Rico Penal Code. (Docket 246-2.) Article 193 makes it a fourth degree felony to appropriate movable goods with a value between $500 and $1,000 that belong to another person. P.R. LAWS ANN. tit. 33, § 4820-4821.

Plaintiffs' Fourth Amendment claim for wrongful arrest requires that plaintiff show that a false statement was included intentionally or with reckless disregard for the truth in the affidavit supporting the arrest warrant and that the false statement was necessary for a finding of probable cause. See Aponte Matos v. Toledo Dávila, 135 F.3d 182, 187 (1st Cir. 1998). The complaint identifies several statements used by the district attorney culminating in an alleged false arrest and malicious criminal prosecution. (See Docket 46 at ¶¶ 58, 61, 64-65, 68, 71.) Several of these state that Núñez-Colón appropriated money, a factual issue which plaintiffs are precluded from litigating in the present action by virtue of the findings made by the Comisión de Investigación, Procesamiento y Apelación ("CIPA") and the adoption and affirmance of the same by the Puerto Rico Court of Appeals. (See Docket 46 at ¶¶ 58, 61; Docket 242.) The court finds that the remaining allegedly false statements, such as statements that Núñez-Colón forced the door of Wanda Serrano's ("Serrano") residence open or whether the money was inside a drawer or a bulletproof vest, are not necessary to a finding of probable cause for the commission of the above cited provision of the

3

Puerto Rico Penal Code. (See Docket 46 at ¶¶ 64-65, 68, 71.) Therefore, the allegations in plaintiffs' complaint, when examined conjunctively with the issues precluded by the Puerto Rico Court of Appeals' decision, do not establish that a false statement <u>necessary</u> for a finding of probable cause was relied upon to obtain the arrest warrant. Plaintiffs' Fourth Amendment claim for wrongful arrest is hereby DISMISSED.

Both the Fourth Amendment claim and Puerto Rico law claim for malicious prosecution require plaintiff to show a lack of probable cause to initiate criminal proceedings. <u>McLeod-Lopez v. Algarin</u>, ___ F. Supp. 2d ___, 2009 WL 736118, at *10 n.3 (D.P.R. Mar. 23, 2009) (citing <u>Meehan v. Town of Plymouth</u>, 167 F.3d 85, 88-89 (1st Cir. 1999)); <u>Gonzalez-Rucci v. U.S. Immigration and Naturalization Serv.</u>, 539 F.3d 66, 69 (1st Cir. 2008). The essence of the allegations in the complaint regarding a lack of probable cause for initiating criminal proceedings deals with the previously mentioned statements that Núñez-Colón appropriated money. (See Docket 46 at ¶¶ 58, 61; Docket 242.) Plaintiffs indicated before the court that they intend to prove the lack of probable cause by introducing evidence that Núñez-Colón did not intend to keep the money appropriated from Serrano's residence. The court, however, has concluded that plaintiffs are precluded by the Puerto Rico Court of Appeals' decision from litigating the fact that he indeed appropriated the $600 belonging to Serrano. Since plaintiffs are precluded from litigating the underlying premise of the allegations in the complaint that could establish a lack of probable cause to initiate criminal proceedings for a violation of Article 193 of the Puerto Rico Penal Code, the court finds that plaintiffs fail to sufficiently allege a necessary element of their malicious prosecution claims. (See Docket 46 at ¶¶ 58, 61; Docket 242.) Therefore, plaintiffs' Fourth Amendment and

Puerto Rico law claims of malicious prosecution are hereby DISMISSED.[3]

**2. Fourteenth Amendment Claim**

Defendants also request that the court reconsider allowing plaintiffs' Fourteenth Amendment Due Process claim with regard to Núñez-Colón's suspension to proceed. (Docket 243 at 3.) Defendants correctly argue that the Supreme Court has held that in cases of suspension without pay, a pre-suspension hearing is not always required. Gilbert v. Homar, 520 U.S. 924, 930 (1997). In Gilbert v. Homar, 520 U.S. 924, 930 (1997), the Supreme Court, however, did not establish a *per se* rule that suspension without pay does not require a hearing to comport with the due process requirements of the Fourteenth Amendment. As Defendants state in their motion, "due process is flexible and the protections afforded by it depend on the circumstances of the particular situation." (Docket 243 at 3); Gilbert, 520 U.S. at 930. There are still unresolved factual issues in the present case as to the circumstances under which Núñez-Colón was suspended, and what procedural protections were given to him after his suspension. The court finds that the required determination dependent on the particular factual circumstances of the present case is an issue better presented to the jury. Therefore, defendants motion is DENIED in this regard.

**3. Supplemental Jurisdiction**

Title 28, United States Code, Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the

---

[3] We do not mean to suggest, of course, that the Puerto Rico Court of Appeals' decision is equivalent to a finding of proof beyond a reasonable doubt that plaintiff committed a crime, but rather that in light of said decision, plaintiff has not indicated to the court that there was a lack of probable cause.

5

United States Constitution." In order to exercise supplemental jurisdiction, the federal and state claims must "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); Confederación Laborista De Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1081 (D.P.R. 1985).

Plaintiffs' only remaining federal claim is a Section 1983 claim for violation of Núñez-Colón's Fourteenth Amendment due process rights. Plaintiffs' only remaining Puerto Rico law claim is a defamation claim based on statements related to Núñez-Colón's arrest and criminal prosecution. Given the dismissal of all other claims, the court does not find a "common nucleus of operative fact" sufficient to continue the exercise supplemental jurisdiction over plaintiffs' defamation claim. Therefore, plaintiffs' remaining Puerto Rico law claim is hereby DISMISSED WITHOUT PREJUDICE.

### C. Standing to Pursue the Remaining Section 1983 Claim

Núñez-Colón is the only co-plaintiff that has allegedly been denied due process rights under the Fourteenth Amendment, and is, therefore, the only co-plaintiff with standing to pursue the Section 1983 claim remaining in the present case. See Sanchez-Nuñez v. P.R. Elec. Power Auth., et al., 509 F. Supp. 2d 137, 151 (D.P.R. 2007). Plaintiffs have alleged no violation to the Fourteenth Amendment rights of the other co-plaintiffs. (See Docket 46.) Therefore, co-plaintiffs Yazmin Irizarry-Cruz, Doreingelly Nuñez-Irizarry, or Tsunami Marjani Nuñez-Irizarry lack standing to pursue the remaining Section 1983 claim. See Sanchez-Nuñez, 509 F. Supp. 2d at 151 (holding that a wife lacked standing to sue under Section 1983 for violations to her husband's constitutional rights).

Nuñez Colón, et al. v. Toledo Dávila, et al.
Civil No. 06-2060 (GAG/MEL)
Opinion and Order

### D. Remaining Defendants

Section 1983 only imposes liability on those "'persons who were directly involved in the wrongdoing.'" Martinez-Velez v. Rey Hernandez, 506 F. 3d 32, 41 (1st Cir. 2007) (quoting Kostka v. Hogg, 560 F.2d 37, 39 (1st Cir. 1977)). Based on the allegations in the complaint and the indications of counsel for both parties before the court, the only remaining defendant who is alleged to have any direct involvement in a violation of Núñez-Colón's constitutional rights with regard to the Fourteenth Amendment is Pedro Toledo-Dávila ("Toledo-Dávila"). Given that the Fourteenth Amendment is the only remaining basis for Núñez-Colón's Section 1983 claim, said claim is DISMISSED as to all defendants except Toledo-Dávila.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April, 2009.

s/Marcos E. López
U. S. MAGISTRATE JUDGE